645 F.2d 22
 9 O.S.H. Cas.(BNA) 1165, 1981 O.S.H.D. (CCH) P 25,095
ROBBERSON STEEL COMPANY, Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Ray
Marshall, Secretary of Labor, Respondents.
 No. 79-1151.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 17, 1980.
 
 John C. Harrington, Jr., of Lytle, Soule & Emery, Oklahoma City, Okl., for petitioner.
 Charles I. Hadden, Asst. Counsel for Appellate Litigation, U. S. Dept. of Labor, Washington, D. C. (Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Allen H. Feldman, Acting Counsel for Appellate Litigation, Washington, D. C., James E. White, Regional Sol., Dallas, Tex. and Laura V. Fargas, Washington, D. C., on brief), for respondents.
 Before SETH, Chief Judge, LOGAN, Circuit Judge, and TEMPLAR, District Judge*.
 PER CURIAM.
 
 
 1
 This petition for review of an order of the Occupational Safety and Health Review Commission raises issues of substantial evidence, consent to an inspection of petitioner's plant, and the use of evidence obtained during a nonconsensual pre-Barlow's (Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305) inspection.
 
 
 2
 We considered the retroactive application of Barlow's in Savina Home Industries v. Secretary of Labor, 594 F.2d 1358 (10th Cir.), and that decision is determinative here. We there held that Barlow's cannot be applied to inspections made before the decision. We there indicated that the exclusionary rule should be applicable to warrantless OSHA inspections but "(i)n the absence of an exclusionary sanction, there is no reason to order further proceedings to determine whether the inspection in this case violated Savina's Fourth Amendment rights." See also Todd Shipyards Corp. v. Secretary of Labor, 586 F.2d 683 (9th Cir.), holding also that the exclusionary rule does not apply retroactively to pre-Barlow's inspections. The Fifth Circuit in United States v. Williams, 622 F.2d 830 (5th Cir.), in an en banc consideration held:
 
 
 3
 "(E)vidence is not to be suppressed under the exclusionary rule where it is discovered by officers in the course of actions that are taken in good faith and in the reasonable, though mistaken, belief that they are authorized."
 
 
 4
 See also United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733. This reasoning is equally applicable to civil OSHA enforcement proceedings.
 
 
 5
 An examination of the record leads us to the conclusion that petitioner's substantial evidence point is without merit.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Of the United States District Court for the District of Kansas, sitting by designation